# MORRISON, MAHONEY & MILLER, LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Lee Stephen MacPhee
Phone: 617-439-7530
lmacphee@mail.mm-m.com

Ann E. Cascanett
Phone: 617-439-7563
Fax: 617-342-4844
acascane@mail.mm-m.com

| | |
|---|---|
| MASSACHUSETTS | CONNECTICUT |
| BOSTON | HARTFORD |
| FALL RIVER | |
| SPRINGFIELD | NEW YORK |
| WORCESTER | NEW YORK |
| RHODE ISLAND | ENGLAND |
| PROVIDENCE | LONDON |

February 18, 2004

Civil Clerk
U.S. District Court for
  District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:    Alberta M. Sullivan, et al. v. Christopher D. Vizard, et al.
       Civil Action No. 04-10165-MLW
       Our File No.  10011397

Dear Civil Clerk's Office:

Enclosed for filing please find the following:

**CERTIFIED COPIES OF ALL DOCKET ENTRIES, RECORDS AND PROCEEDINGS FROM ESSEX SUPERIOR COURT**

Thank you for your attention and consideration in this matter.

Very truly yours,

Lee Stephen MacPhee
Ann E. Cascanett

LSM/AEC
Enclosures

922105v1

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03 - 2050 D | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|

| PLAINTIFF(S) Alberta M. Sullivan and Paul A. Sullivan | DEFENDANT(S) Christopher D. Vizard, Allen & Coles Moving Systems and Apex Transportation Systems |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Robert C. Autieri, Esquire 811 Turnpike Street No. Andover, MA 01845 Board of Bar Overseers number: 024342    (978) 681-0737 | ATTORNEY (if known) '03 20 P 2:05 |

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)    TRACK | IS THIS A JURY CASE? |
|---|---|---|
| B03 | Motor Vehicle Negligence    ( F ) | ( X )Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 5,779.00
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,657.00
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ............
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 5,739.50
5. Total other expenses (describe) . . . . . . . Out-Of-Pocket (Co-Payments) . . . . . . . . . . . . . . . . . . $ 2,238.69
   Subtotal $ 15,414.19
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ............
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ............
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . $10,000 - 15,000
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ............
F. Other documented items of damages (describe)

   $ ............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The Plaintiff Alberta M. Sullivan has incurred permanent injuries to her neck, back, right knee and left leg which has required and will require in the future extensive medical treatment and physical therapy.

   $ ............
   TOTAL $ 25,414.19 -....
   30,414.19

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY, ATTEST

*Paula Melnick*

DEPUTY ASS'T. CLERK

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 10/24/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

FILED

COMMONWEALTH OF MASSACHUSETTS

Essex, ss.

Superior Court Department

Civil Action No. 03-0500

---

ALBERTA M. SULLIVAN and )
PAUL A. SULLIVAN, )
)
Plaintiffs, )
)
v. )
)
CHRISTOPHER D. VIZARD and )
ALLEN & COLES MOVING SYSTEMS )
and APEX TRANSPORTATION SYSTEMS )
)
Defendants. )

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### INTRODUCTORY STATEMENT

This is a civil action brought by the plaintiffs seeking to recover damages and loss of consortium incurred as a result of the negligent and careless operation of a motor vehicle by the defendant Christopher D. Vizard, said motor vehicle owned by and registered to the employer of Christopher D. Vizard, the defendant Allen and Coles Moving Systems and Apex Transportation Systems.

### PARTIES

1. The plaintiff Alberta M. Sullivan is an adult residing in North Andover, Massachusetts.

A TRUE COPY, ATTEST

*Paula T. Melade*

DEPUTY ASST. CLERK

2.      The plaintiff Paul A. Sullivan is the spouse of the plaintiff Albert M. Sullivan and is an adult individual residing in North Andover, Massachusetts.

3.      The defendant Christopher D. Vizard is an adult residing in Danville, New Hampshire.

4.      The defendant Allen & Coles Moving Systems and Apex Transportation Systems (hereinafter "Allen & Coles") is a business with a principal place of business located at 75 Pinetree Industrial Parkway, Portland, ME.

5.      At all times relevant hereto the defendant Allen & Coles has conducted continuous and substantial business in the Commonwealth of Massachusetts.


<u>FACTS</u>

6.      On or about November 3, 2000, the plaintiff Alberta M. Sullivan was operating her motor vehicle in a lawful and careful manner in a westerly direction on a public way known as North Main Street (Route 114) in Middleton, Massachusetts.

7.      At the same time and place, the defendant Christopher D. Vizard, while operating a motor vehicle in a westerly direction on North Main Street (Route 114) negligently and carelessly drove said motor vehicle into the rear of the motor vehicle of the plaintiff Alberta M. Sullivan.

8.      The motor vehicle operated by the defendant Christopher D. Vizard at the time of the aforesaid rear-end collision was owned by and registered to the defendant Allen & Coles and was being operated by the defendant Christopher D. Vizard with the full knowledge and consent of the defendant Allen & Coles.

2

9.    At the time of the aforesaid rear-end collision, the defendant Christopher D. Vizard was acting as an employee/servant of the defendant Allen & Coles, acting within the scope and course of his employment and in the furtherance of business for the defendant Allen & Coles.

10.    The violent force of the rear-end collision caused the motor vehicle of the plaintiff Alberta M. Sullivan to be pushed several feet into the middle of the roadway, causing the plaintiff Albert M. Sullivan to be thrown physically forward and then backwards in her motor vehicle resulting in serious injuries to the plaintiff Albert M. Sullivan. The plaintiff Albert M. Sullivan was rushed to a nearby hospital by ambulance.

11.    The rear-end collision and the damages incurred by the plaintiffs were proximately caused by the careless and negligent operation of a motor vehicle by the defendant Christopher D. Vizard.

## COUNT I
## ALBERTA M. SULLIVAN v. CHRISTOPHER D. VIZARD

12.    The plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 11 inclusive with the same force and effect as if expressly set forth herein.

13.    As a direct and proximate result of the negligence of the defendant Christopher D. Vizard, the plaintiff Albert M. Sullivan was caused to sustain severe and serious personal injuries, was caused to be disabled and will be disabled in the future, was caused and will be cause great pain of body and mind, has been caused to incur, and will continue to incur, great medical and hospital expenses for said injuries, and has been caused to lose time and income from her regular employment as well as the opportunity

3

for advancement in her employment. The ability of the plaintiff Alberta M. Sullivan to enjoy life and earn income and attend to his usual activities has been greatly damaged as a result of her injuries and disabilities.

## COUNT II
## ALBERTA M. SULLIVAN v. ALLEN & COLES

14.    The plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 13 inclusive with the same force and effect as if expressly set forth herein.

15.    The motor vehicle operated by the defendant Christopher D. Vizard at the time of the aforesaid rear-end collision was owned by and registered to the defendant Allen & Coles and was being operated by the defendant Christopher D. Vizard with the full knowledge and consent of the defendant Allen & Coles.

16.    At the time of the aforesaid rear-end collision, the defendant Christopher D. Vizard was acting as an employee/servant of the defendant Allen & Coles, acting within the scope and course of his employment and in the furtherance of business for the defendant Allen & Coles.

17.    As a direct and proximate result of the negligence of the defendant Christopher D. Vizard, of which the defendant Allen & Coles is legally responsible, the plaintiff Alberta M. Sullivan was caused to sustain severe and serious personal injuries, was caused to be disabled and will be disabled in the future, was caused and will be caused great pain of body and mind, has been caused to incur, and will continue to incur, great medical and hospital expenses for said injuries, and has been caused to lose time

4

and income from her regular employment as well as the opportunity for advancement in her employment. The ability of the plaintiff Alberta A. Sullivan to enjoy life and earn income and attend to his usual activities had been greatly damaged as a result of her injuries and disabilities.

COUNT III
PAUL A. SULLIVAN v. CHRISTOPHER D. VIZARD

18.    The plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 17 inclusive with the same force and effect as if fully set forth herein.

19.    As the direct and proximate result of the negligence of the defendant Christopher D. Vizard, the plaintiff Paul A. Sullivan has been and will be deprived of his wife's full society, care, comfort and consortium.

COUNT IV
PAUL A. SULLIVAN v. ALLEN & COLES

20.    The plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 19 as if inclusive with the same force and effect as if expressly set forth herein.

21.    As the direct and proximate result of the negligence of the defendant Christopher D. Vizard of which the defendant Allen & Coles is legally responsible, the plaintiff Paul A. Sullivan has been and will be deprived of his wife's full society, care, comfort and consortium.

5

WHEREFORE, the plaintiffs request this Honorable Court:

a.  Enter judgment for the plaintiffs against the defendant Christopher D. Vizard;

b.  Enter judgment for the plaintiffs against the defendant Allen & Coles;

c.  Award damages to the plaintiffs in an amount determined by the Court;

d.  Award the plaintiffs interest, costs and reasonable attorney's fees; and

e.  Grant the plaintiffs such other further relief as this Court deems just and proper.

Respectfully submitted,

ALBERTA M. SULLIVAN and
PAUL A. SULLIVAN,
Plaintiffs,
By Their attorney

Dated:    October 24, 2003

Robert C. Autieri, Esquire
Law Offices of Robert C. Autieri
Willows Professional Park
811 Turnpike Street
North Andover, MA 01845
B.B.O.# 024342
(978) 681-0737

COMMONWEALTH OF MASSACHUSETTS

Essex, ss.

Superior Court Department
Civil Action No.

---

ALBERTA M. SULLIVAN and      )
PAUL A. SULLIVAN,      )
     )
     Plaintiffs,      )
     )
     v.      )
     )
CHRISTOPHER D. VIZARD and      )
ALLEN & COLES MOVING SYSTEMS      )
and APEX TRANSPORTATION SYSTEMS      )
     )
     Defendants.      )
     )

---

## DEMAND FOR TRIAL BY JURY

The plaintiffs hereby demand a jury trial as to all issues in this matter.

Respectfully submitted,

ALBERTA M. SULLIVAN and
PAUL A. SULLIVAN,
Plaintiffs,
By Their attorney

Dated:     October 24, 2003

Robert C. Autieri, Esquire
Law Offices of Robert C. Autieri
Willows Professional Park
811 Turnpike Street
North Andover, MA 01845
B.B.O.# 024342
(978) 681-0737

A TRUE COPY, ATTEST

_Paula T. Molaski_
DEPUTY ASS'T. CLERK

2

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 03-2050-D

Alberta M. Sullivan and Paul A. Sullivan
............................................................................................., Plaintiff(s)

v.

Christopher D. Vizard and Allen & Coles Moving
Systems and Apex Transportation Systems
............................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant(s): Allen & Coles Moving Systems and Apex Transportation Systems

You are hereby summoned and required to serve upon Robert C. Autieri, Esquire ,

plaintiff's attorney, whose address is 811 Turnpike Street, No. Andover, MA 01845 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 43 Appleton

Way, Lawrence, MA 01841 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 29th
day of       December       , in the year of our Lord two thousand three

 COPY, A
............................................
T. CLERK

*Thomas H. Driscoll Jr.*
............................................
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

Alberta M. Sullivan, et. al., Plaintiff(s)
vs.
Christopher D. Vizard, et. al., Defendant(s)



Service of Process by
**APS International, Ltd.**
**1-800-328-7171**

APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

---

**AFFIDAVIT OF SERVICE -- Corporate**

ROBERT C. AUTIERI, ESQ.

Ms. Lori A. Goodhue
Willows Professional Park, 811 Turnpike Street
811 Turnpike Street
North Andover, MA 01845

Service of Process on:
--Allen & Coles Moving Systems, and Apex Transportation
Systems
Court Case No. 03-2050-D

---

State of: **MAINE** ) ss.
County of: **Cumberland** )

Name of Server: **NANCE MONAGHAN**, undersigned, being duly sworn, deposes and says that at the time of service, s/he was over the age of twenty-one, was not a party to this action;

Date/Time of Service: that on the **2nd** day of **January**, 20 **04**, at **2:40** o'clock **P** M

Place of Service: at **75 Pinetree Industrial Parkway**, in **Portland, ME**

Documents Served: the undersigned served the documents described as:
**Summons and Complaint w/ Demand for Jury Trial & Tracking Order**

Service of Process on: A true and correct copy of the aforesaid document(s) was served on:
**Allen & Coles Moving Systems, and Apex Transportation Systems**

Person Served, and
Method of Service: By delivering them into the hands of an officer or managing agent whose name and
title is: **Carol Grace, Coordinator**

Description of
Person Receiving
Documents: The person receiving documents is described as follows:
Sex **F** ; Skin Color **C** ; Hair Color **B** ; Facial Hair **no**
Approx. Age **33** ; Approx. Height **5'3** ; Approx. Weight **110**

☐ To the best of my knowledge and belief, said person was not engaged in the US
Military at the time of service.

Signature of Server: Undersigned declares under penalty of perjury
that the foregoing is true and correct.

*Nance Monaghan* 1/5/04

Signature of Server          (Date)
**96/1470#**

**APS International, Ltd.**

APS File #:  063507-0001

Subscribed and sworn to before me this
**5** day of **January**, 20 **04**

*Mary Kathryn White*
Notary Public          (Commission Expires)

MARY KATHRYN WHITE
Notary Public, Maine
My Commission Expires October 24, 2009

A TRUE _____ EST

_____ *Bridget T. Malmeta* _____
DEPUTY

3

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

SUPERIOR COURT
CIVIL ACTION NO: 03-2050

ALBERTA M. SULLIVAN, and )
PAUL A. SULLIVAN )
      Plaintiffs, )
v. )
      )
      )
CHRISTOPHER D. VIZARD, ALLEN & )
COLES MOVING SYSTEM, and APEX )
TRANSPORTATION SYSTEMS )
      Defendants. )

## ANSWER AND JURY CLAIM OF DEFENDANTS, CHRISTOPHER D. VIZARD, ALLEN & COLES MOVING SYSTEM, AND APEX TRANSPORTATION SYSTEMS

### FIRST DEFENSE

Each count of the plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The defendants respond to the allegations contained in the plaintiffs' Complaint, paragraph by paragraph, as follows:

### INTRODUCTORY STATEMENT

The defendants deny the allegations contained in this paragraph of the plaintiffs' Complaint.

### PARTIES

1. The defendants have insufficient information with which to either admit or deny the allegations contained in this paragraph of the plaintiffs' complaint.

2. The defendants have insufficient information with which to either admit or deny the allegations contained in this paragraph of the plaintiffs' complaint.

3. The defendants have insufficient information with which to either admit or deny the allegations contained in this paragraph of the plaintiffs' complaint.

4. The defendants admit the information alleged in this paragraph of the plaintiffs' complaint.

A TRUE COPY, ATTEST

_Paula I. Melnick_
    ASS'T. CLERK

919355v1

5.    The defendants have insufficient information with which to either admit or deny the allegations contained in this paragraph of the plaintiffs' complaint.

## FACTS

6.    The defendants admit that the plaintiff Alberta M. Sullivan was operating her vehicle on Route 114 in Middleton, Massachusetts, on November 3, 2000. The defendants deny the remaining allegations contained in this paragraph of the plaintiffs' complaint.

7.    The defendants admit that defendant Christopher D. Vizard was operating a motor vehicle on Route 114 in Middleton, Massachusetts, on November 3, 2000. The defendants deny the remaining allegations contained in this paragraph of the plaintiffs' complaint.

8.    The defendants have insufficient information with which to either admit or deny the allegations contained in this paragraph of the plaintiffs' complaint.

9.    The defendants have insufficient information with which to either admit or deny the allegations contained in this paragraph of the plaintiffs' complaint.

10.    The defendants deny the allegations contained in this paragraph of the plaintiffs' complaint.

11.    The defendants deny the allegations contained in this paragraph of the plaintiffs' complaint.

## COUNT I
## ALBERTA M. SULLIVAN v. CHRISTOPHER D. VIZARD

12.    The defendants repeat and re-allege each and every answer contained in paragraphs 1 though 11 inclusive with the same effect and force as if expressly set forth herein.

13.    The defendants deny the allegations contained in this paragraph of the plaintiffs' complaint.

## COUNT II
## ALBERTA M. SULLIVAN v. ALLEN & COLES

14.    The defendants repeat and re-allege each and every answer contained in paragraphs 1 though 13 inclusive with the same effect and force as if expressly set forth herein.

15.    The defendants are without sufficient information with which to either admit or deny the allegations contained in this paragraph of the plaintiffs' complaint.

919355v1

16.    The defendants are without sufficient information with which to either admit or deny the allegations contained in this paragraph of the plaintiffs' complaint.

17.    The defendants deny the allegations contained in this paragraph of the plaintiffs' complaint.

### COUNT III
### PAUL A. SULLIVAN v. CHRISTOPHER D. VIZARD

18.    The defendants repeat and re-allege each and every answer contained in paragraphs 1 though 17 inclusive with the same effect and force as if expressly set forth herein.

19.    The defendants deny the allegations contained in this paragraph of the plaintiffs' complaint.

### COUNT IV
### PAUL A. SULLIVAN v. ALLEN & COLES

20.    The defendants repeat and re-allege each and every answer contained in paragraphs 1 though 19 inclusive with the same effect and force as if expressly set forth herein.

21.    The defendants deny the allegations contained in this paragraph of the plaintiffs' complaint.

WHEREFORE, the defendants request this Honorable Court:

1.    Enter judgment for the defendants against plaintiff, Alberta M. Sullivan.

2.    Enter judgment for the defendants against plaintiff, Paul A. Sullivan.

3.    Deny damages in any amount to the plaintiffs.

4.    Deny the plaintiffs' interest, costs, and attorney's fees; and

5.    Deny the plaintiffs' damages in any amount for any relief whatsoever.

### AFFIRMATIVE DEFENSES

### THIRD DEFENSE

The defendants deny each and every allegation of the plaintiffs' complaint except as specifically admitted above.

### FOURTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiffs' negligence was greater than the alleged negligence of the defendants, that such negligence of the plaintiffs

3

919355v1

contributed to their alleged injuries and, therefore, the plaintiffs are barred from recovery under M.G.L. c.231, §85.

## FIFTH DEFENSE

By way of affirmative defense, the defendants state the plaintiffs were guilty of comparative negligence and that the injuries and damages, if any, sustained by the plaintiffs from the defendants should be reduced in proportion to the said negligence of the plaintiffs in accordance with M.G.L. c.231, §85.

## SIXTH DEFENSE

By way of affirmative defense, the defendants state that the plaintiffs have failed to mitigate their alleged damages.

## SEVENTH DEFENSE

By way of affirmative defense, the defendants state that the injuries alleged were caused in whole or part by the negligence of the plaintiffs.

## EIGHTH DEFENSE

By way of affirmative defense, the defendants state that they are guilty of no negligence.

## NINTH DEFENSE

By way of affirmative defense the defendants state that the plaintiffs' alleged injuries were caused by someone for whom the defendants are not and were not legally responsible.

## TENTH DEFENSE

By way of affirmative defense, the defendants state this complaint should be dismissed for insufficiency of service of process.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendants state this complaint should be dismissed for insufficiency of process.

## TWELFTH DEFENSE

By way of affirmative defense, the defendants state that if the plaintiffs were injured, it was a result of plaintiffs breach of their duty to exercise a high degree of care to protect and ensure their own safety.

4

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendants state that Apex Transportation Systems should be dismissed from this action as the plaintiffs' have failed to make a claim against said defendant.

## JURY CLAIM

**THE DEFENDANTS, CHRISTOPHER D. VIZARD, ALLEN & COLES MOVING SYSTEM, AND APEX TRANSPORTATION SYSTEMS DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN ITS ANSWER.**

> For the defendants,
> Christopher D. Vizard,
> Allen & Coles Moving Systems, and
> Apex Transportation Systems,
> By their attorneys,
>
> Lee Stephen MacPhee, BBO# 312400
> Ann E. Cascanett, BBO# 653776
> **MORRISON, MAHONEY & MILLER, LLP**
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

## CERTIFICATE OF SERVICE

I, Ann E. Cascanett, attorney for the Defendants hereby certify that I have forwarded a copy of the Defendants' Answer and Jury Demand by first-class mail, postage pre-paid to the following:

Robert C. Autieri, Esq.
Law Offices of Robert C. Autieri
Willows Professional Park
811 Turnpike Street
North Andover, MA 01845
(978) 681-0737

Dated: _1/13/04_

Ann E. Cascanett

5

919355v1

4

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

SUPERIOR COURT
CIVIL ACTION NO: 03-2050

ALBERTA M. SULLIVAN, and )
PAUL A. SULLIVAN )
        Plaintiffs, )
v. )
 )
CHRISTOPHER D. VIZARD, ALLEN & )
COLES MOVING SYSTEMS, and APEX )
TRANSPORTATION SYSTEMS )
        Defendants. )

## CORPORATE DISCLOSURE STATEMENT OF DEFENDANT, ALLEN & COLES MOVING SYSTEM

Defendant, Allen & Coles Moving Systems, pursuant to Local Rule 7.3(A), identifies the following as a parent corporation:

AllServe, LLC has been the parent company of Allen & Coles Moving Systems since May of 2002.

Defendant, Allen & Coles Moving Systems, pursuant to Local Rule 7.3(A), identifies the following as a publicly held company that owns 10% or more of its stock.

AllServe, LLC owns 100% of Allen & Coles Moving Systems stock.

The Defendant,
Allen & Coles Moving Systems,
By its attorneys,

Lee Stephen MacPhee, BBO# 312400
Ann E. Cascanett, BBO# 652776
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210
(617) 439-7500

TRUE COPY, ATTEST

ASS'T. CLERK

919920v1

## CERTIFICATE OF SERVICE

I, Ann E. Cascanett, attorney for the Defendants hereby certify that I have forwarded a copy of the Defendants' Answer and Jury Demand by first-class mail, postage pre-paid to the following:

Robert C. Autieri, Esq.
Law Offices of Robert C. Autieri
Willows Professional Park
811 Turnpike Street
North Andover, MA 01845
(978) 681-0737


Dated: 1/20/04


_Ann E. Cascanett_
Ann E. Cascanett

919920v1

5

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

SUPERIOR COURT
CIVIL ACTION NO: 03-2050

ALBERTA M. SULLIVAN, and )
PAUL A. SULLIVAN )
         Plaintiffs, )
v. )
 )
 )
CHRISTOPHER D. VIZARD, ALLEN & )
COLES MOVING SYSTEM, and APEX )
TRANSPORTATION SYSTEMS )
         Defendants. )

## CORPORATE DISCLOSURE STATEMENT OF DEFENDANT, APEX TRANSPORTATION SYSTEMS

Defendant, Apex Transportation Systems, pursuant to Local Rule 7.3(A), identifies the following as a parent corporation:

The parent company of Apex Transportation Systems is Allen & Coles Moving Systems.

Defendant, Apex Transportation Systems, pursuant to Local Rule 7.3(A), identifies the following as a publicly held company that owns 10% or more of its stock.

Allen & Coles Moving Systems owns 100% of Apex Transportations Systems' stock. However, since May of 2002, AllServe, LLC owns 100% of stock of Allen & Coles Moving Systems stock.

The Defendant,
Apex Transportation Systems,
By its attorneys,

Lee Stephen MacPhee, BBO# 312400
Ann E. Cascanett, BBO# 652776
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA 02210
(617) 439-7500

A ... COPY, ATTEST

DEF... CLERK

919921v1

## CERTIFICATE OF SERVICE

I, Ann E. Cascanett, attorney for the Defendants hereby certify that I have forwarded a copy of the Defendants' Answer and Jury Demand by first-class mail, postage pre-paid to the following:

Robert C. Autieri, Esq.
Law Offices of Robert C. Autieri
Willows Professional Park
811 Turnpike Street
North Andover, MA 01845
(978) 681-0737


Dated: 1/20/04                    _Ann E. Cascanett_
                                 Ann E. Cascanett

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ALBERTA M. SULLIVAN, and
PAUL A. SULLIVAN
    Plaintiffs,

v.

CHRISTOPHER D. VIZARD, ALLEN &
COLES MOVING SYSTEM, and APEX
TRANSPORTATION SYSTEMS
    Defendants

04 10165 MBW

DOCKET N



**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

Petitioners-defendants, Christopher D. Vizard, Allen & Coles Moving System, and Apex Transportation Systems, respectfully petition this Court for removal of the above-entitled action to the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts in and for Essex County and for its Notice of Removal states:

1.    Christopher D. Vizard, Allen & Coles Moving Systems, and Apex Transportation Systems are defendants in a civil action in the Superior Court of the Commonwealth of Massachusetts in and for Essex County, entitled <u>Alberta M. Sullivan, et al. v. Christopher D. Vizard, et al.</u>, Civil Action No. 03-2050. The defendant, Allen & Coles Moving System, received a copy of the Summons and Complaint on or about January 6, 2004. Copies of the foregoing Summons, Complaint, Civil Action Cover Sheet and Demand for Jury Trial are attached hereto as Exhibit 1.

2.    The claims against the defendants are wholly civil in nature and are brought in a Massachusetts state court. Plaintiffs seek to recover damages for past, present and

919365v1

*1*

# Commonwealth of Massachusetts
## County of Essex
### The Superior Court

CIVIL DOCKET# **ESCV2003-02050**

Sullivan et al

vs.

Vizard et al

---

## ORDER OF TRANSFER (remand)

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring/remanding case to United States District Court

Dated at Lawrence, Massachusetts this 29th day of January, 2004.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:......................................
Deputy Assistant Clerk

Telephone: (978) 687-7463

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

cvdremandc_1.wpd 448861 ortracas melnickp

**Commonwealth of Massachusetts**
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

## ESCV2003-02050
### Sullivan et al v Vizard et al

| | | | | | | |
|---|---|---|---|---|---|---|
| File Date | 10/24/2003 | Status | Disposed: transfered to other court (dtrans) | | | |
| Status Date | 01/28/2004 | Session | D - Civil-CtRm 2 (Lawrence) | | | |
| Origin | 1 | Case Type | B03 - MV negligence/pers injury/prop dmg | | | |
| Lead Case | | Track | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | 01/22/2004 | Answer | 03/22/2004 | Rule12/19/20 | 03/22/2004 |
| Rule 15 | 03/22/2004 | Discovery | 08/19/2004 | Rule 56 | 09/18/2004 |
| Final PTC | 10/18/2004 | Disposition | 12/17/2004 | Jury Trial | Unknown |

### PARTIES

**Plaintiff**
Alberta Sullivan
Active 10/24/2003

Private Counsel 024342
Robert C Autieri
811 Turnpike Street
North Andover, MA 01845
Phone: 978-681-0737
Fax: 978-686-6960
Active 10/24/2003 Notify

**Plaintiff**
Paul A Sullivan
Active 10/24/2003

**Defendant**
Christopher D Vizard
Answered: 01/14/2004
Answered 01/14/2004

Private Counsel 652776
Ann E Cascanett
Morrison Mahoney & Miller
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500
Fax: 617-439-7590
Active 01/15/2004 Notify

**Defendant**
Allen & Coles Moving Systems
Served: 01/02/2004
Answered 01/14/2004

A TRUE COPY, ATTEST

*Paula T. Melnick*
DEPUTY ASS'T. CLERK

**Commonwealth of Massachusetts**
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

## ESCV2003-02050
## Sullivan et al v Vizard et al

| Defendant |
|---|
| Apex Transportation Systems |
| Answered 01/14/2004 |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/24/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 10/24/2003 | | Origin 1, Type B03, Track F. |
| 01/07/2004 | 2.0 | SERVICE RETURNED:  Allen & Coles Moving Systems(Defendant) in hand to officer, agent, person in charge |
| 01/14/2004 | 3.0 | ANSWER: and Jury claim of Christopher D Vizard, Allen & Coles Moving System and Apex Transportation. (Defendants) |
| 01/21/2004 | 4.0 | Corportate disclosure statement of defendant, Allen & Coles Moving System |
| 01/21/2004 | 5.0 | Corporate disclosure statement of defendant,  Apex Transportation Systems |
| 01/28/2004 | 6.0 | Certified copy of Notice for Removal to the United States District Court filed by Christopher D Vizard, Allen & Coles Moving Systems, Apex Transportation Systems |
| 01/28/2004 | 7.0 | ORDER transferring/remanding case to United States District Court |
| 01/28/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 10/25/2004 | Civil-CtRm 2 (Lawrence) | Status: Review Annual Fee | Event moved to another session |
| | | Case transferred to United States District Court | |